IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SOI QUAY HOANG,

**Plaintiff,**

v.

WORLDWIDE ASSET
PURCHASING, LLC and

FREEDMAN, ANSELMO,
LINDBERG & RAPPE, LLC,

**Defendant.**                                              No. 09-185-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendant's May 18, 2009 motion to dismiss Plaintiff's complaint and request for sanctions (Doc. 14). Specifically, Defendant contends that the court should dismiss Plaintiff's complaint under Rule 12(b)(6) because Plaintiff's claims are time-barred by the Federal Debt Collection Practices Act ("FDCPA"). Defendant further requests that the Court sanction Plaintiff for bringing a clearly time-barred claim.

On March 10, 2009 Plaintiff filed a Complaint against Defendants alleging that Defendants had violated the FDCPA by engaging in false, deceptive and misleading representation or means to collect a debt allegedly owed by Plaintiff to Bank of America. (Doc. 2). Plaintiff's claims stem from the actions of Defendants in the

collection of a debt allegedly owed by Plaintiff. Defendants filed a collection lawsuit in the Circuit Court of St. Clair County, Illinois on May 21, 2007. Defendants' lawsuit was arbitrated on November 16, 2007 in which the arbitrators entered an award for Plaintiff. On December 13, 2007 Defendants rejected the arbitration award and requested a trial before the Circuit Court. On April 8, 2008 Defendants dismissed the collection lawsuit without prejudice.

Plaintiff's complaint filed on March 10, 2009 specifically alleges that Defendants (1) falsely represented the amount and legal status of the alleged debt; (2) failed to verify Plaintiff's reply that she had never signed any agreement promising to assume liability for her boyfriend's said debt and continued their collection efforts against her; (3) attempted to collect an amount never authorized by any agreement between Plaintiff and creditor or authorized by law; (4) requested a trial in a civil suit brought against the Plaintiff by Defendants, which Defendants allegedly had no intention of trying, and subsequently dismissed without prejudice; and (5) making telephone calls to Plaintiff to harass, oppress, and abuse Plaintiff.(Doc. 2).

Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff's claims are time-barred by the FDCPA's one-year statute of limitations. Defendants assert that all of Defendants' collection activity fall outside the one-year limitations period and that the order dismissing the civil suit cannot form the basis for a violation of the FDCPA. (Doc. 15). Defendants further request that the Court sanction Plaintiff for bringing a "clearly time-barred claim" in bad faith and for the purposes of harassment.

Based on the record, the applicable law, and the following, the Court denies

Defendants motion to dismiss and request for sanctions.

## II.  Analysis

### A. Standard for Motion to Dismiss

Defendants bring their motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim.  When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**.  **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  **FED. R. CIV. P. 8(a)(2)**.  In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion.  ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007).**  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." ***Id.* at 555, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).**  The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.'  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

**B. <u>Statute of Limitations</u>**

The FDCPA's statute of limitations provides that actions to enforce liability for violations of the FDCPA must be brought within one year from the date on which the violation occurs. **15 U.S.C. § 1692k(d).** Plaintiff's action was filed on March 10, 2009; therefore, all FDCPA claims prior to March 10, 2008 are time-barred unless the alleged actions of Defendants constitute a continuing wrong, or the dismissal of the civil suit on April 8, 2008 constituted a separate and new violation of the FDCPA.

The continuing violation doctrine provides that the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded. ***Matthews v. Capital One Bank, et. al.*,2008 WL 4724277 at *3 (S.D. Ind. October 24, 2008)**.[1] In ***Matthews***, the District Court for the Southern District of Indiana concluded that it was possible for FDCPA violations to occur in addition to the filing of a lawsuit, and further that it was possible for violations to accrue during the conduct of a lawsuit. ***Id.*** Although the court recognized that the course of a lawsuit cannot be considered a continuing violation if the only alleged violation of the FDCPA is the actual filing of the lawsuit, the court reasoned that the nature of notice pleadings and the vagueness of an Amended Complaint made it impossible to

---

[1] The Seventh Circuit has not determined when the FDCPA's statute of limitations begins to run when the violation arises from a collection lawsuit.

determine that the statute began to run before the lawsuit was dismissed. ***Id.*** Accordingly, the court found that the date of the dismissal of each lawsuit, not the date that each lawsuit was filed, was the last possible day that violations could have occurred against the plaintiffs. ***Id.***

Here, Plaintiff has specifically alleged that Defendants violated §1692d of the FDCPA by "cavalierly" dismissing the lawsuit on April 8, 2008. Plaintiff alleges that Defendants led Plaintiff and her attorney to believe that Defendants were going to try the case although they seemingly had no intention to do so. In ***Matthews***, the court made clear that it was possible for violations of the FDCPA to occur during the conduct of the lawsuit, and that the date of the dismissal in each lawsuit was the last possible day that violations could have occurred against the plaintiffs. ***Matthews,*2008 WL 4724277 at \*3.**  Plaintiff's complaint was filed on March 10, 2009, less than a year after the date of the dismissal of the lawsuit on April 8, 2008. Thus, Plaintiff's case is not time-barred by the FDCPA's one-year statute of limitations because the course of the lawsuit constituted a continuing wrong that was not completed until the date of the dismissal on April 8, 2008.

**C. Motion for Sanctions**

The FDCPA provides that a defendant may recover its attorney's fees and costs where the claim has been brought in bad faith and for purposes of harassment. **15 U.S.C. §1692k(a)(3).** Additionally, sanctions are appropriate where a party has created unnecessary costs by "unreasonably and vexatiously" multiplying proceedings within the meaning of 28 U.S.C. §1927. ***See Riddle & Assoc. v. Kelly,***

**414 F.3d 832, 836 (7th Cir. 2005).** Here, Plaintiff did not file a claim in bad faith by bringing a "clearly time-barred claim," nor has the claim created unnecessary costs. Thus, Plaintiff is not subject to sanctions.

### III. Conclusion

Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's complaint. The Court further **DENIES** Defendants' request for sanctions because it is not clear that Plaintiff has brought a clearly time-barred action.

**IT IS SO ORDERED.**

Signed this 2nd day of November, 2009.

/s/    DavidRHerndon
**Chief Judge**
**United States District Court**