## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SOI QUAY HOANG,**

**Plaintiff,**

**v.**

**WORLDWIDE ASSET PURCHASING,
LLC, and FREEDMAN, ANSELMO,
LINDBERG & RAPPE, LLC,**

**Defendants.**                                              **No. 09-185-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   Introduction

Before the Court are two motions filed by Defendants Worldwide Asset Purchasing, LLC and Freedman, Anselmo, Lindberg & Rappe, LLC and Plaintiff Soi Quay Hoang respectively.  Defendants have filed a request for sanctions (*See* Docs. 34 & 35) to which Plaintiff Soi Quay Hoang's attorney Edgar Lim has filed a response (Doc. 36).  Plaintiff's attorney has also filed a Motion to Substitute Party Plaintiff (Doc. 38).  On June 24, 2010, the Court held a hearing on the two motions, but ultimately took the matter under advisement (Doc. 44).  After the hearing, Plaintiff's attorney submitted a Post-Hearing Suggestions and Rebuttal (Doc. 43), further documenting his position.   After careful review of the record, including the arguments and the documents put forth before it, the Court rules as follows.

### II.   Background

At the hearing, the parties agreed on the basic chronology of the case.

The case was opened on March 9, 2009 and Plaintiff's Complaint was filed March 10, 2009.  The Complaint alleged violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.** in attempting to collect a debt owed to Bank of America in the amount of $4,618.36 which Plaintiff alleged she did not owe nor had she assumed liability of any of the debts of her paramour (Doc. 2 at ¶¶ 7-11).  At some point after the Complaint was filed, approximately two weeks after the filing of the Complaint, Plaintiff passed away.  The date of her passing is not exact as Plaintiff's attorney has failed to provide a copy of her death certificate or to verify the exact date of her death, even after ordered to do so by this Court (Doc. 32).  Defendants have, through their own research, determined that Plaintiff most likely died on March 25, 2009, as a review of the public records revealed that a Soi Quay Hoang with the same social security number, address, and date of birth died on that date.[1]  A suggestion of death was never filed and the Defendants were never notified of Plaintiff's passing. In fact, the summons on Defendants was returned executed on March 31, 2009 (Docs. 4 & 5).

After the summons was returned, the case proceeded in the normal fashion.  A scheduling conference was directed to be held by the Magistrate Judge although it was ultimately canceled presumably upon the parties agreeing to a

---

[1]  The Court also notes that the public records report submitted by Defendants also states that the Soi Quay Hoang that died on March 25, 2009 had a relative, Wilson Hue.  Plaintiff also has a son named Wilson Hue.  Given the similarities in dates and pertinent personal information, the Court finds that the Soi Quay Hoang who died on March 25, 2009 is more than likely Plaintiff, meaning that Plaintiff died on March 25, 2009, only ten days after her Complaint was filed.

proposed scheduling Order.  On May 18, 2009, Defendants filed a motion to dismiss

(Doc. 14) which Plaintiff filed a response to (Doc. 23).  The Court ruled on that

motion in November of 2009, denying the motion to dismiss (Doc. 25).  A settlement

conference was set for January 15, 2010.

On the day before the settlement conference, Plaintiff's attorney Mr.

Edgar Lim called Defendants' attorney and asked to postpone the settlement

conference and when Defendants stated that was not possible, Mr. Lim offered to

settle the case.  The case was eventually settled over the phone for approximately

$3,000.  The settlement conference was cancelled and a Sixty Day Order stating that

the case had settled was entered (*See* Docs. 28 & 29).  However, when Defendants

tendered the agreement for Plaintiff's signature, Mr. Lim informed Defendants that

Plaintiff had died although Defendants were lead to believe that Plaintiff had died

after the settlement had been reached.  Both parties filed motions to delay the entry

of judgment (Docs. 30 & 31).   Mr. Lim argued that he needed additional time to

open an estate for Plaintiff and to substitute it as a party, while Defendants argued

that they needed additional time to investigate the timing of Plaintiff's death.   The

Court granted the additional time but Ordered Plaintiff to turn over a copy of the

death certificate so it could be determined exactly when Plaintiff died (Doc. 32).

Plaintiff's attorney filed a response to the Order admitting that he knew

at the time he negotiated the settlement that his client was deceased but that he was

ignorant of the rule that he was supposed to inform the other side of her death and

the fact that he was not authorized to settle the case.  He stated that he was open to

sanctions for his behavior (Doc. 33).  However, Mr. Lim failed to provide the Court with a copy of the death certificate as he was ordered to do in the Court's previous Order (Doc. 32).  Defendants, having discovered that Plaintiff most likely died shortly after her case was filed, filed a motion for sanctions, requesting attorneys fees and costs as well as the complete dismissal of the case (Docs. 34 & 35).  Plaintiff's attorney filed a reply, pleading with the Court to keep Plaintiff's case alive (Doc. 36).  He also filed a motion to substitute (Doc. 38) although no Suggestion of Death had ever been formally filed on the record.  Defendants subsequently filed a Suggestion of Death (Doc. 41).

At the hearing, Plaintiff's attorney, Mr. Edgar Lim, defended his actions, arguing that he did not know of Plaintiff's passing until December 2009 as he had not tried to contact her until after he had received the discovery requests from Defendants in November 2009.  Mr. Lim admitted that he knew of Plaintiff's death at the time of the settlement conference but that he panicked upon learning of her death.  He has tried to open an estate in Illinois for Plaintiff and her son will not speak to him, although her paramour of 20 years wants the case to continue and believes that he can proceed in the estate as her "next of friend."  He also argued that the cause of action should not be dismissed simply because of her death and that he had evidence of her injuries in the form of her paramour's testimony.  Mr. Lim was open to sanctions as he realized his mistake in the case, but argued that sanctions should only be sought from the time he became aware of the death and not from the start of the case.

After the hearing was conducted and the matter taken under advisement, Mr. Lim, without leave of the Court, filed a rebuttal argument which he labeled as Post-Hearing Suggestions and Rebuttal (Doc. 43). Plaintiff's attorney argued that he was not a party to the suit and had he not failed to inform the Court of Plaintiff's passing, the case would have remained unaffected and would have survived her death. Mr. Lim argued that Defendants' arguments were disingenuous, that Plaintiff's availability was never an issue with him so that he had no reason to contact her and that Defendants were incorrect on many of their statements about their state collection case against Plaintiff.

### III.   Analysis

**A.    Sanctions**

In response to learning that Plaintiff has been deceased since shortly after the filing of this suit, Defendants filed a Report to Court and Request for Sanctions (Doc. 34). Having discovered that Plaintiff died ten days after the filing of this Complaint, a fact never revealed to Defendants by Plaintiff's attorney during the course of this case, eventual settlement negotiations, and even after Defendants confronted Plaintiff's attorney about the timing of Plaintiff's death, Defendants seek a sanction of attorneys fees under **28 U.S.C. §1927**. They also seek dismissal of this case. Defendants argue that by continuing to litigate the case even though Plaintiff had died and no proper estate was substituted, Mr. Lim "unreasonably and

vexatiously" multiplied the proceedings in this case.

Under the terms of **28 U.S.C. § 1927**:

> [a]ny attorney...admitted to conduct cases in any Court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably occurred because of such conduct.

This statute provides that an attorney may be sanctioned for unreasonably and vexatiously multiplying the proceedings. The conduct must occur during the course of the proceedings in the case, not before the case appears on the court's docket. **Bender v. Freed, 436 F.3d 747, 751 (7th Cir. 2006)**. The sanction is discretionary and is reserved for conduct of counsel involving "serious and studied disregard for the orderly process of justice." **Id. (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984))**. Court's have such discretion when an attorney acted in an "objectively unreasonable manner," pursued claims that were "without ...plausible legal or factual basis and lacking in justification, or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry to be unsound." ***Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994); *Kapco Mfg. Co. v. C&O Enters, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989))**. The statute also imposes on an attorney a duty "to dismiss claims that are no longer viable." **Id. (citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n. 6 (7th Cir. 1990)).**

Attorney Edgar Lim readily admits that sanctions are in order because he failed to disclose to Defendants that his client had passed away, although Mr. Lim argues that he was unaware of the significance of disclosing the fact that his client had died.  Further, he argues that he is a not a party to this lawsuit.  However, the statute does not require that a person sanctioned be a party to the lawsuit, but rather the statute is specifically targeted at attorneys who unreasonably multiple proceedings in a case.

Here, Mr. Lim has clearly acted in a unreasonable and vexatious manner.  Mr. Lim's client died approximately *ten days* after the filing of this case, and even that date is not entirely certain as Mr. Lim has failed to produce a certificate of death even after being Ordered by this Court to do so (Doc. 32).  Mr. Lim never filed a Suggestion of Death, but instead continued to proceed with this case through the discovery and dispositive motion phase.  He responded to the Motion to Dismiss in this case and even went so far as to proceed with settlement negotiations in this matter, all without a client.  Even though Mr. Lim knew at the time of settling this case that his client had passed away, he readily admits that he withheld the information from Defendants.  Only when Defendants sought his client's signature in the settlement did he reveal that his client had passed away.  Even then, Mr. Lim failed to reveal on what date and at what point in the litigation his client had died and instead offered to sign the settlement agreement on behalf of his deceased client (Doc. 30 ¶ 8).

Clearly, throughout the course of this litigation, Mr. Lim has acted

unreasonably and continued to withhold information that would have affected the outcome of this matter.  His actions, which he readily admits to, were clearly unreasonable as he continued to pursue a case without a Plaintiff.  Mr. Lim also failed to act as a reasonable, careful attorney would have in pursuing this case once he learned that his client had died.  He continued to litigate the case and proceeded to settle the case without any authority from his client.  While Mr. Lim argues that he was not aware of Plaintiff's death until December because he had never communicated with Plaintiff throughout the nearly ten months this case was being litigated, the Court does not find Mr. Lim's argument entirely convincing.  It seems unrealistic to this Court that under the normal standards of practice, Mr. Lim never communicated with his client throughout discovery, in answering discovery questions, preparing the response to the motion to dismiss, or even after the motion to dismiss was ruled on.  However, even if Mr. Lim was not aware of his client's death until December, he clearly had a duty at that point to inform the Defendants and this Court of his Plaintiff's status, but he never filed a Suggestion of Death, nor did he inform Defendants or this Court of his clients passing.  To this day, Mr. Lim has never filed a certificate of death even after being Ordered by this Court to do so.  Although Mr. Lim claims he is ignorant of the law and was unaware that he had to inform anyone of his client's death and ignorant of the fact that he did not have authority to settle the case, his actions were unreasonable as a reasonable, careful attorney would have discovered his client's death and known of the proper procedures for dealing with those circumstances.  Clearly his actions have been

unreasonable, vexatious, and deceitful.  He continued to pursue this case in bad faith, knowing that his client had passed away.

Given the deceitful, unreasonable actions of Mr. Lim, the Court finds that sanctions are appropriate under **28 U.S.C. § 1927**.  Further, the FDCA itself allows for attorney fees.  Accordingly, the Court **GRANTS** Defendants' motion for sanctions (Doc. 34).  As to the amount of sanctions which would be proper in this case, Defendants seek $20,912.50 in attorneys fees which were incurred after the death of Plaintiff.  Defendants have provided a breakdown of the fees and the Court finds the fee amount to be reasonable in light of the nature and length of this case. Accordingly, the Court **ORDERS** Mr. Lim to pay **$20,912.50** to Defendants for the costs incurred due to his vexatious behavior.

**B.    Motion to Substitute Party**

Defendants, in addition to seeking attorneys' fees, seek dismissal of this case as a sanction for Mr. Lim's behavior.  In response to the Defendants' motion for sanctions, Mr. Lim also filed a motion to substitute, requesting that the Court substitute the Estate of Soi Quay Hoang for Plaintiff (Doc. 38).  Under **FEDERAL RULE OF CIVIL PROCEDURE 25**, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."

As to the motion for dismissal, the Court is hesitant to dismiss a case as a sanction for an attorney's behavior due to its impact on an innocent Plaintiff.

However, in weighing the equities in this case, the Court must consider the affect of Plaintiff's death and the deception surrounding her death on the ability of this case to move forward. At the present time, it is impossible for this case to move forward. No representative has ever stepped forward to step into Plaintiff's place and Mr. Lim admits that Plaintiff's son, her only apparent heir, has refused to pursue this case or communicate with Mr. Lim. Although Mr. Lim argues that he is seeking to be named representative of the estate and seeks to substitute the estate in this case, he has provided no authority on which to proceed on behalf of Plaintiff nor has he complied with the law or this Court's Order for properly substituting a party. Further, Mr. Lim has admitted that he has been unable to open an estate for Plaintiff given her financial  standing, leaving no estate to substitute in place of Plaintiff or any successor or representative with authority or in a position of standing to move forward with this case.[2]  Thus, the Court **DENIES** Mr. Lim's motion to substitute (Doc. 38). Given the fact that there is currently no Plaintiff to proceed in this matter, the Court finds that dismissal of this case is warranted.

The Court further notes that, even if a proper Plaintiff could be found to proceed in this case, given the nature and circumstances surrounding this case, Mr. Lim has very little evidence with which to prove Plaintiff's claims of distress and

---

[2]  The Court notes that while Mr. Lim argues that Plaintiff's paramour of twenty years wishes to continue to pursue this case on her behalf, Plaintiff's boyfriend is not in a position of standing to fill the shoes of Plaintiff.  While they have apparently been together for over twenty years, they were never married nor are they related in any manner.  While Mr. Lim claims her boyfriend wishes to proceed as her "next of friend", he has failed to provide any authority allowing him to proceed as such.

damages given her untimely passing.  The claims of emotional distress would be nearly impossible to prove without the testimony of Plaintiff or any medical evidence or testimony, which Mr. Lim admits he is lacking as Plaintiff never sought out the consultation of a doctor or mental health professional for her alleged distress.  Mr. Lim also admits that he has no recorded or documented evidence of Plaintiff's distress.  While Mr. Lim argues that Plaintiff's case could be proven by the testimony of her paramour, the Court finds Mr. Lim's assertions speculate and unknown given the objections which could be raised to such testimony.   Furthermore, it is speculative as to whether the allegations could be proven by the adverse testimony of Defendants.  While Mr. Lim continues to maintain that this case would have proceeded in the normal fashion had he properly filed a suggestion of death and substitution of party at the beginning of the suit, the Court finds such argument speculative given the lack of proof available to prove the allegations in the Complaint. Given the fact that no successor or representative is available to further pursue this case and the substantial lack of proof available in this case, the Court finds that dismissal of this case is warranted at this time.  Accordingly, the Court **DISMISSES without prejudice** Plaintiff's Complaint against Defendants.

### IV.  Conclusion

Accordingly, the Court **GRANTS** Defendants' motion for sanctions and **DENIES** the motion to substitute filed by Plaintiff's attorney Mr. Lim.  The Court **ORDERS** Mr. Lim to pay Defendants attorneys fees in the amount of **$20,912.50.**

Further, the Court **DISMISSES without prejudice** Plaintiff's Complaint.

**IT IS SO ORDERED.**

**Signed this 27th day of December, 2010.**

David R. Herndon
2010.12.27
12:35:00 -06'00'

**Chief Judge**
**United States District Court**