IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SOI QUAY HOANG,**

**Plaintiff,**

v.

**WORLDWIDE ASSET PURCHASING,
LLC, and FREEDMAN, ANSELMO,
LINDBERG & RAPPE, LLC,**

**Defendants.**                                                              **No. 09-185-DRH**

### ORDER

**HERNDON, Chief Judge:**

Before the Court is deceased Plaintiff's former attorney Edgar E. Lim's motion to set aside judgment (Doc. 46) and Defendants' response thereto (Doc. 47). In Mr. Lim's motion, he requests that the Court reconsider granting Defendants' entire attorney fees. Lim contends that the Court may have overlooked the fact that Defendants did not mail out discovery until November 30, 2009, and hence there was no need to contact Plaintiff until December 2009. He admits that he acted inappropriately in December 2009, but maintains that "to charge him personally for the Defendants' attorneys fees for this entire case is tantamount to punishment versus sanctions for his misdoing."

In Defendants' response, Defendants note that Lim fails to cite and rule or case law in support of his motion, and in any event, Lim's motion is merely a reiteration of Lim's prior arguments in this case. Indeed, Defendants suggest that Lim's "motion

serves no purpose other than to further unreasonably and vexatiously multiply these proceedings." Accordingly, Defendants seek their fees and costs incurred in responding to this motion.

Under the terms of **28 U.S.C. § 1927**:

"[a]ny attorney...admitted to conduct cases in any Court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably occurred because of such conduct."

This statute provides that an attorney may be sanctioned for unreasonably and vexatiously multiplying the proceedings. The conduct must occur during the course of the proceedings in the case, not before the case appears on the court's docket. ***Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006)**. The sanction is discretionary and is reserved for conduct of counsel involving "serious and studied disregard for the orderly process of justice." ***Id.* (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984))**. Court's have such discretion when an attorney acted in an "objectively unreasonable manner," pursued claims that were "without ...plausible legal or factual basis and lacking in justification, or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry to be unsound." ***Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994); *Kapco Mfg. Co. v. C&O Enters, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989))**. The statute also imposes on an

attorney a duty "to dismiss claims that are no longer viable." *Id.* **(citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n. 6 (7th Cir. 1990)).**

In the Court's prior memorandum and order granting Defendants' motion for sanctions and ordering Lim to pay attorney fees in the amount of $20,912.50 (Doc. 45), it previously addressed the same arguments Mr. Lim makes here. There the Court stated:

> "Clearly, throughout the course of this litigation, Mr. Lim has acted unreasonably and continued to withhold information that would have affected the outcome of this matter. His actions, which he readily admits to, were clearly unreasonable as he continued to pursue a case without a Plaintiff. Mr. Lim also failed to act as a reasonable, careful attorney would have in pursuing this case once he learned that his client had died. He continued to litigate the case and proceeded to settle the case without any authority from his client. While Mr. Lim argues that he was not aware of Plaintiff's death until December because he had never communicated with Plaintiff throughout the nearly ten months this case was being litigated, the Court does not find Mr. Lim's argument entirely convincing. It seems unrealistic to this Court that under the normal standards of practice, Mr. Lim never communicated with his client throughout discovery, in answering discovery questions, preparing the response to the motion to dismiss, or even after the motion to dismiss was ruled on. However, even if Mr. Lim was not aware of his client's death until December, he clearly had a duty at that point to inform the Defendants and this Court of his Plaintiff's status, but he never filed a Suggestion of Death, nor did he inform Defendants or this Court of his clients passing. To this day, Mr. Lim has never filed a certificate of death even after being Ordered by this Court to do so. Although Mr. Lim claims he is ignorant of the law and was unaware that he had to inform anyone of his client's death and ignorant of the fact that he did not have authority to settle the case, his actions were unreasonable as a reasonable, careful attorney would have discovered his client's death and known of the proper procedures for dealing with those circumstances. Clearly his actions have been unreasonable, vexatious, and deceitful. He continued to pursue this case in bad faith, knowing that his client had passed away."

Clearly, the Court did not overlook these arguments in its prior order as Mr. Lim suggests. The Plaintiff in this case died within days of the complaint being filed. Mr. Kim, as Plaintiff's counsel, was in charge with keeping in contact with his client for litigation purposes and certainly was no authorized to accept a settlement offer without his client's approval. Clearly, the bulk of defense counsel's time was spent after Mr. Kim learned of his client's death and inappropriately tried to settle the case despite that knowledge. Thus, Mr. Kim's motion (Doc. 46) is **DENIED.**

As to Defendants' request for further fees and costs in responding to this motion (Doc. 47), Defendants have failed to submit a formal fee petition. Therefore, the Court will reserve ruling on this motion until a formal fee petition is filed. Defendants have seven days from the date this order is entered to file such petition. Associated therewith, defense counsel shall provide a detailed recitation of fees and expenses, and an affidavit attesting thereto.

**IT IS SO ORDERED.**

**Signed this 15th day of February, 2011.**

David R. Herndon
2011.02.15
13:49:42 -06'00'

**Chief Judge
United States District Court**