IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


SOI QUAY HOANG,

**Plaintiff,**

v.

WORLDWIDE ASSET PURCHASING,
LLC, and FREEDMAN, ANSELMO,
LINDBERG & RAPPE, LLC,

**Defendants.**                                                                No. 09-185-DRH


## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendants' petition for supplemental attorneys' fees (Doc. 51) along with a declaration in support thereof (Doc. 52). Previously when the Court entered the order denying Plaintiff's motion to set aside judgment (Doc. 50), we reserved ruling on Defendants' request for further fees and costs in responding to the motion to set aside judgment. We now **GRANT** Defendants' petition (Doc. 51).

Plaintiff's counsel, Mr. Lim, in Plaintiff's reply to Defendants' request for sanctions (Doc. 36), acknowledged that he was prepared to accept "whatever sanctions this Court wishe[d] to impose upon him." Despite making this

statement, Mr. Lim filed a motion to set aside judgment (Doc. 46), rehashing the same arguments that he had previously made to this Court. See Doc. 50. This motion was unreasonable and vexatious in light of the facts in this case and Mr. Lim's statement to the Court to accept "whatever sanctions this Court wishe[d] to impose on him." This motion further multiplied the proceedings in this case and caused the Court and the Defendants further costs and expenses.

Accordingly, for the reasons stated above and for the reasons previously in the memorandum and order granting Defendant's request for sanctions (Doc. 45) and the order denying Plaintiff's motion to set aside judgment (Doc. 50), the Court now **GRANTS** Defendants' petition for supplement attorneys' fees (Doc. 51) pursuant to **28 U.S.C. § 1927** ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). We find this to be consistent with the proposition that an "expense incurred on appeal by a party defending the district's award of sanctions is normally recoverable as an expenses incurred as a result of the sanctioned conduct below." *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987). "Otherwise, the cost of defending the sanctions on appeal will often offset the award obtained." *Id.* Having reviewed Defendants' attorney's declaration in support of Defendants' petition for supplemental attorneys' fees and the attachment thereto, we find the time spent responding and the amounts charged to be reasonable. Therefore, the Court **ORDERS** Mr. Lim to pay

Defendants' additional attorneys fees in the amount of **$1,761.50.**

**IT IS SO ORDERED.**

**Signed this 24th day of February, 2011.**

David R. Herndon
2011.02.24
10:04:23 -06'00'

**Chief Judge
United States District Court**